IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIE DAVID COPELAN and CLARA I. COPELAN, </br></br>  Plaintiffs, </br></br> v. </br></br> ELITE LENDING PARTNERS et al., </br></br>  Defendants. | ) ) ) ) ) ) ) CIVIL ACTION NO. 5:13-CV-95 (MTT) ) ) ) ) ) |

### ORDER

Before the Court is the Plaintiffs' Motion to Remand this case to state court (Doc. 7) and the Defendants' Motions to Dismiss or for a More Definite Statement (Doc. 3). The Plaintiffs' Motion is **DENIED**. A ruling on the Defendants' Motion to Dismiss is **POSTPONED**. The Defendants' Motion for a More Definite Statement is **GRANTED**.

### I. BACKGROUND

The Plaintiffs own property in Eatonton at 116 Copelan Landing Drive. (Doc. 1-1, ¶¶ 12-13). In June 2007, to obtain a $582,400 loan, they executed a promissory note in favor of Elite Lending Partners and conveyed the property by security deed to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Elite.[1] (Doc. 1-1, ¶ 14;

---

[1] As the Plaintiffs observe in their Complaint, MERS has previously described its role in real estate transactions such as this one to the Georgia Supreme Court:
> MERS simply holds the security deed as nominee for the actual owner of the promissory note and security deed. It is common these days for mortgage loans (as well as other loans) to be bought and sold several times during the life of a loan. MERS simply acts as the record title holder of the security deed so that transfers and assignments do not have to be filed in the appropriate superior court clerk's office each time the loan is sold or transferred from one note holder

Doc. 1-1 at 22). On October 18, 2012, with the Plaintiffs' loan in default, MERS assigned the security deed to Bank of New York Mellon Trust Company ("Mellon") for collection. (Doc. 1-1, ¶ 15). Mellon attempted to foreclose on the Plaintiffs' property November 30, 2012. (Doc. 1-1, ¶ 22). The Plaintiffs allege that Elite is a fictitious entity that was never organized and never existed as a corporation. (Doc. 1-1, ¶¶ 16, 25). Accordingly, they contend MERS' assignment of the security deed to Mellon did not transfer any interest in the property because MERS had no interest to transfer. (Doc. 1-1, ¶ 24). The Plaintiffs ask that the Defendants be enjoined from exercising their power of sale[2] and for a declaratory judgment that the Plaintiffs are the sole owners of the property.

The Plaintiffs filed their Complaint in the Superior Court of Putnam County. (Doc. 1-1). The Defendants removed the action to this Court on March 19, 2013.[3] (Doc. 1). They filed a Motion to Dismiss or alternatively a Motion for More Definite Statement on April 1. (Doc. 3). On April 15, the Plaintiffs moved to remand the case to state court. (Doc. 7).

---

    to the next. MERS is never the lender. Rather, it acts as the nominee of the lender to hold the security deed.

Brief for MERS at *3-*4, *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 583 S.E.2d 844 (2003), 2002 WL 32333560.

[2] The sale was initially scheduled to take place the first Tuesday in January 2013. That sale was cancelled and rescheduled for April 2, 2013. However, the Plaintiffs never requested a temporary restraining order from this Court to stop the sale. As of the date of this Order, it is unclear to the Court whether the property has been sold.

[3] This is the Plaintiffs' second appearance in this Court on this matter. Their first action, No. 5:12-cv-310, was voluntarily dismissed without prejudice January 10, 2013.

-3-

## II.  DISCUSSION

### A.  Motion to Remand

An action filed in state court is removable to federal court where the federal court would have federal question or diversity jurisdiction.  28 U.S.C. § 1441(a).  Diversity jurisdiction exists when the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The burden is on the party seeking removal to establish federal subject matter jurisdiction.  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Here, the Plaintiffs are citizens of Georgia.  MERS is a corporation organized under the laws of Delaware with its principal place of business in Virginia, making it a citizen of those states.  (Doc. 1, ¶ 8).  Mellon is a national banking association headquartered in California; it is a citizen of that state.  (Doc. 1, ¶ 9).  Elite, which has not been served in this action, is believed to be a limited liability company organized under the laws of Connecticut.  (Doc. 1, ¶ 10; Doc. 1-3).  The Defendants alleged this fact in their removal notice and the Plaintiffs have not disputed it nor suggested Elite is a non-diverse party.  Rather, the Plaintiffs argue that because Elite has not been served it has not consented to removal.  But "[t]here is no merit to [the Plaintiffs'] argument that removal was improper because [Elite] did not consent to it.  The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." *Johnson v. Wellborn*, 418 Fed. Appx. 809, 815 (11th Cir. 2011) (citing *Bailey v. Janssen Pharmaceutica,Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008)).

Rubin Lublin, LLC was not a named party in the Complaint. However, the law firm is listed as a defendant in the caption of the Rule Nisi that counsel for the Plaintiffs presented to the state court at the same time the Complaint was filed. (Doc. 1-1 at 55). Confusingly, the Plaintiffs state that Rubin Lublin "has never been a party to this action, yet included themselves as Defendants." (Doc. 7 at 2). This doesn't make any sense because it was obviously the Plaintiffs' counsel who added Rublin Lublin to the Rule Nisi caption, thereby suggesting to the law firm that it was a defendant in this suit. Even so, the Plaintiffs have not alleged any facts to support a claim against Rubin Lublin. Perhaps this is because, as the Plaintiffs state, they did not intend to name the firm as a Defendant in the first place. Accordingly, the Court finds the Rubin Lublin is not a defendant. Its listing in the captions of the Rule Nisi, Removal Notice, and elsewhere has no bearing on its status as a Defendant or the Parties' diversity.[4]

Given that the parties are completely diverse, the only remaining jurisdictional issue is whether there is more than $75,000 in controversy. The Plaintiffs argue that because they are seeking equitable relief in the form of a declaratory judgment, there are no damages involved and the amount in controversy requirement is not met. The Plaintiffs cite no authority for this proposition. Presumably this is because they cannot. When a plaintiff seeks injunctive relief barring foreclosure on the property at issue, the value of that property is what determines the amount in controversy. *Roper v. Saxon Mortg. Servs.*, 2009 WL 1259193 at *2 (N.D. Ga.) (citing *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961)). *See also Cohen v. Office Depot, Inc.*, 204 F.3d 1069,

---

[4] To whatever extent Rubin Lublin could be construed as an actual Defendant, the Court finds the firm was improperly joined pursuant to the doctrine of fraudulent joinder. *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). Therefore, its citizenship has no bearing on the parties' diversity for the purposes of removal or subject matter jurisdiction.

1077 (11th Cir. 2000) ("[w]hen a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective"); *Reynolds v. JP Morgan Chase Bank*, 2011 WL 5835925 at *2 (M.D. Ga.) (holding the amount in controversy requirement was met based on security deed valued at $155,750). In this case, the property is valued by the Putnam County Tax Assessor's Office at $598,080. (Doc. 1-4). Moreover, the loan the property secured was $582,400. Thus, the amount in controversy exceeds $75,000.

The requirements for diversity jurisdiction have been satisfied. Accordingly, the Plaintiffs' Motion to Remand is **DENIED**.

### B. Motion to Dismiss and Motion for More Definite Statement

The Plaintiffs' lawsuit asks for injunctive relief restraining the sale of their property and a declaratory judgment declaring them the sole owners. However, as noted above, their property was scheduled to be sold April 2. *See* note 2, *supra*. It is unclear whether the sale took place as scheduled. If the property has been sold, the Plaintiffs' action would appear to now be moot unless some other form of relief is available to them. Additionally, the Defendants are correct – the Plaintiffs' Complaint contravenes Fed. R. Civ. P. 8, and it is difficult to determine the precise cause of action supporting their claims. Finally, the Plaintiffs have not responded to the Defendants' Motion to Dismiss, despite specifically asking for and receiving more time to do so.

Nevertheless, given the uncertainty as to the disposition of the property and the difficulty in deciphering the Plaintiffs' Complaint, the Court will briefly postpone its ruling on the Defendants' Motion to Dismiss. The Plaintiffs have **seven days** from the date this Order is entered to file an Amended Complaint that complies with Rule 8, reflects

whether the property has been sold,[5] and states a plausible claim for relief. In drafting their Amended Complaint, the Plaintiffs shall consider the Georgia Supreme Court's May 20, 2013, decision in *You v. JP Morgan Chase Bank*, 2013 WL 2152562. The Plaintiffs' failure to amend their Complaint within this time period will result in dismissal of their claims.

### III. CONCLUSION

The Plaintiffs' Motion to Remand is **DENIED**. The Defendants' Motion for a More Definite Statement is **GRANTED**. A ruling on the Defendants' Motion to Dismiss is **POSTPONED**.

**SO ORDERED,** this 5th day of June, 2013.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[5] If the Plaintiffs' property has been sold, their Amended Complaint should appropriately revise the form of relief they seek.