**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **WILLIE DAVID COPELAN and CLARA I. COPELAN,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) ) ) |
| **ELITE LENDING PARTNERS** *et al.*, | ) ) ) |
| **Defendants.** | ) ) ) |

**CIVIL ACTION NO. 5:13-CV-95 (MTT)**

## <u>ORDER</u>

Before the Court is Defendants[1] Mortgage Electronic Registration Systems, Inc., ("MERS") and Bank of New York Mellon Trust Company's ("Mellon") second motion to dismiss (Doc. 14) the Plaintiffs' amended complaint (Doc. 13).  For the following reasons, the motion is **GRANTED**.[2]

## I.  FACTS

The Plaintiffs own property in Eatonton at 116 Copelan Landing Drive.  (Doc. 13, ¶¶ 6-7).  This property includes Lot 5, 1.05 acres, and Lot 6, 1.38 acres.  (Doc. 13, ¶ 8).  In June 2007, to obtain a $582,400 loan to build a home on the land, the Plaintiffs

---

[1] Elite Lending Partners has never been served in this case and therefore has never filed a response to any of the Plaintiffs' pleadings.  However, the Plaintiffs' allegation that Elite is a nonentity do not raise jurisdictional concerns.  The notice of removal asserts Elite is a limited liability company organized in Connecticut with members who are domiciled in Connecticut, making it a diverse party.  The Plaintiffs have not disputed this assertion.  Moreover, because the Plaintiffs have never served Elite, this Court can entertain the Plaintiffs' complaint without regard to Elite's citizenship.  *Shanyfelt v. Wachovia Mortg. FSB*, 439 F. App'x 793, 794 (11th Cir. 2011).

[2] The Defendants' first motion to dismiss (Doc. 3) the Plaintiffs' original complaint (Doc. 1-1) is **DENIED as moot**.

executed a promissory note in favor of Elite Lending Partners and conveyed some portion of the property by security deed to MERS as nominee for Elite.[3]  (Doc. 13, ¶¶ 9-10; Doc. 13-1 at 5-31).  The Plaintiffs initially made their required payments on the note, but at some point the amounts increased and the Plaintiffs fell behind.  (Doc. 13, ¶ 13).  On October 18, 2012, with the Plaintiffs' loan in default, MERS assigned the security deed to Mellon for collection.  (Doc. 13, ¶ 17; Doc. 13-2 at 2).  Mellon attempted to foreclose on the Plaintiffs' property November 30, 2012.[4]  (Doc. 13, ¶ 21).  The Plaintiffs filed suit in Putnam County Superior Court in February 2013, and MERS and Mellon removed the action to this Court.  (Doc. 1).  The Court denied the Plaintiffs' motion to remand, postponed ruling on MERS's and Mellon's first motion to dismiss, and allowed the Plaintiffs to file an amended complaint.  (Doc. 12).

In their amended complaint, the Plaintiffs allege Elite has never existed as a corporation and, as a nonexistent entity, acquired no interest in the Plaintiffs' property.  (Doc. 13, ¶ 18-19).  Because of this, they conclude the security deed is void as a matter of law.  (Doc. 13, ¶ 20).  The Plaintiffs further allege Mellon has not shown standing to collect upon the promissory note, and that foreclosure notices it sent them "did not contain the '[i]ndividual or entity with the authority to negotiate, amend and modify all

---

[3] The Plaintiffs claim they intended to pledge only Lot 5 as security and that the legal description referenced in the security deed was not attached to the documents they signed.  (Doc. 13, ¶ 11).  They later discovered Lot 6 was also included as security for the loan.  (Doc. 13, ¶ 12).  But despite this alleged discrepancy, they continued to make their loan payments.  (Doc. 13, ¶ 13).

[4] A foreclosure sale was scheduled to take place in January 2013 but was canceled.  At a hearing before this Court, the Parties further stated that the Plaintiffs continue to possess the property, and no sale is currently scheduled.  (*See also* Doc. 14-1 at 2).

the terms of the mortgage with the debtor."[5]  (Doc. 13, ¶ 22-23).  The Plaintiffs

additionally contend the Defendants breached the terms of the security deed by not

providing contractual notice of default pursuant to paragraph 22 of the deed.[6]  (Doc. 13,

¶ 25).

From these allegations, the Plaintiffs enumerate several general counts for which

they seek relief: (i) breach of contract, (ii) breach of duty of good faith and fair dealing,

(iii) violation of Georgia's Fair Business Practices Act, (iv) punitive damages, and (v)

attorney fees and costs.  (Doc. 13 at 7-13).  In response to the Defendant's second

motion to dismiss, the Plaintiffs' sole argument in support of these allegations is that the

security deed is void as a matter of law because Elite is a nonentity.  The Court did not

understand this argument because Elite never purported to take an interest in the

property.  It was simply the lender.  To further clarify this issue, the Court held a hearing

September 4, 2013.  At the hearing, counsel for the Plaintiffs conceded none of their

stated claims were viable.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

---

[5] The Court does not know what the Plaintiffs are quoting in this instance because the Plaintiffs'
counsel did not cite a source for this language.

[6] Similarly, the Plaintiffs state they never received a notice of default as called for in the
promissory note executed with Elite.  (Doc. 13, ¶ 14).  But although the Plaintiffs claim the terms
of the note *required* notice, the language of the clause they cite is clearly not mandatory:

> If I am in default, the Note Holder *may* send me a written notice telling me that if I do not
> pay the overdue amount by a certain date, the Note Holder may require me to pay
> immediately the full amount of Principal which has not been paid and all the interest that
> I owe on that amount.  That date must be at least 30 days after the date on which the
> notice is mailed to me or delivered by other means.

Doc. 13-1 at 7, ¶ 7(c) (emphasis added).

-3-

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006). However, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**B. The Plaintiffs' Claims**

**1. The Security Deed**

The Plaintiffs contend the security deed is void as a matter of law because Elite never acquired an interest in their property. This is based on the premise that Elite never existed. But setting aside the allegation of Elite's nonexistence, whether Elite was able to acquire an interest in the property has no bearing on this action. At the hearing, counsel for the Plaintiffs conceded Elite was not granted an interest in the Plaintiffs' property. The deed grants and conveys the property to MERS with the power of sale. (Doc. 13-1 at 20). *See also Montgomery v. Bank of Am.*, 321 Ga. App. 343,

344-45, 740 S.E.2d 434 (2013) (recognizing that a security deed containing the same language as the one in this case expressly conveyed to MERS title to the interests in the deed, the right to invoke the power of sale, and authorization to assign these rights and interests to other parties).  Elite never claimed to acquire an interest in the property, and it did not need to for the purposes of this case.  As the deed grantee, MERS had the power to foreclose, or assign the right to foreclose, on the Plaintiffs' property.  *You v. JP Morgan Chase Bank*, 293 Ga. 67, 74, 743 S.E.2d 428 (2013) (deciding that the holder of a deed to secure debt may exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed).  Consequently, whether Elite acquired an interest in the Plaintiffs' property cannot be a basis to find the security deed void as a matter of law.[7]  Counsel for the Plaintiffs correctly conceded this is not a valid claim.

### 2.  Breach of Contract

Although the Plaintiffs' sole argument in response to the Defendants' second motion to dismiss is that the security deed was void as a matter of law because Elite was a nonentity, the Plaintiffs allege in their amended complaint that they were damaged by "the Defendants' breaches of contract."[8]  (Doc. 13, ¶ 31(a)).  The only

---

[7] Similarly, the Plaintiffs cannot claim Mellon is without authority to foreclose, because MERS was permitted to assign its interests and foreclosure power to Mellon.  Moreover, the Plaintiffs do not have standing to contest the legality of the assignment from MERS to Mellon because they were not parties to the assignment.  *Woodberry v. Bank of America, N.A.*, 2012 WL 113658 at *2 (N.D. Ga.) (citing *Haldi v. Piedmont Nephrology Assocs.*, 283 Ga. App. 321, 322, 641 S.E.2d 298 (2007)).

[8] Further reflecting the inconsistency of the Plaintiffs' amended complaint, they sometimes refer to "Defendants" in the plural and sometimes to a Defendant in the singular without indicating which Defendant they are addressing.  *See, e.g.*, Doc. 13, ¶¶ 31(a), 34, 35, 40, 41.  This added

Defendant they make specific allegations against is Mellon, which they say breached its contractual relationship "by attempting to conduct an improper foreclosure against the Property of the Plaintiffs." (Doc. 13, ¶ 29). The Plaintiffs also allege they did not receive notices of default or foreclosure pursuant to various quoted terms of the security deed and promissory note, and that the Defendants breached these terms by failing to provide contractual notice. (Doc. 13, ¶¶ 14, 23, 25). A breach of contract claim in Georgia requires "(1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *Norton v. Budget Rent A Car Sys., Inc.*, 307 Ga. App. 501, 502, 705 S.E.2d 305 (2010). "The breach must be more than de minimus and substantial compliance with the terms of the contract is all that the law requires." *Kuritzky v. Emory Univ.*, 294 Ga. App. 370, 371, 669 S.E.2d 179 (2008).

In this case, the Plaintiffs do not state a plausible claim for relief for breach of contract. Rather, they make only conclusory statements that notices were not received or not provided. They plead no additional facts regarding the circumstances of these alleged breaches, nor do they suggest the alleged breaches were anything more than de minimus. They did not even address these issues when responding to the Defendants' second motion to dismiss. Ultimately, there is insufficient factual matter to plausibly allege a breach. *See, e.g., Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1379 (M.D. Ga. 2011) (finding a plaintiff did not provide more than conclusory grounds by alleging "that his breach of contract claim relates to the 'repeated, unlawful and intentional misapplication of payments, the charging of

---

to the Court's difficulty in determining which legal claims and factual assertions the Plaintiffs intend to link to each Defendant.

unauthorized fees, ... improperly using, applying, misapplying, and converting Plaintiff's escrow funds, and the imposition of the above described 'forceplaced' insurance.'").

Even if the Plaintiffs had plausibly alleged a breach, they have not pled any allegations regarding specific damages that those breaches caused.  In fact, the Plaintiffs still occupy their property; there has been no foreclosure sale.[9]  The Plaintiffs simply claim to have incurred damages "as a result of the Defendant's breaches."  (Doc. 13 at 8).  At the hearing, the Plaintiffs' counsel was at a loss for words when asked what relief they sought relative to their contract claim.  Consequently, the Plaintiffs have failed to state any claims against the Defendants for breach of contract.

### 3.  Breach of Duty of Good Faith and Fair Dealing

The Plaintiffs allege the Defendants did not act in good faith regarding the terms of the promissory note and security deed.  (Doc. 13, ¶¶ 32-36).  However, although contracts contain an implied covenant of good faith and fair dealing in their performance, "there is no independent cause of action for violation of the covenant apart from breach of an express term of the contract."  *Morrell v. Wellstar Health Sys., Inc.*, 280 Ga. App. 1, 5, 633 S.E.2d 68 (2006) (citing *Stuart Enters. Int'l v. Peykan, Inc.*, 252 Ga. App. 231, 234, 555 S.E.2d 881 (2001)).  As discussed above, the Plaintiffs do not have any viable breach of contract claim.  Accordingly, their breach of duty of good faith claim fails as a matter of law.

### 4.  The Fair Business Practices Act

---

[9] Also, to whatever extent the Plaintiffs' amended complaint could be construed to allege a claim for wrongful foreclosure, such a claim fails because no foreclosure sale has actually occurred. *Edwards v. BAC Home Loan Servicing, L.P.*, 2012 WL 4327052 at *1 (N.D. Ga.).

The Plaintiffs allege the Defendants have violated Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*  However, these allegations are stated in a conclusory fashion that merely recites the elements of the law.  Further, at the hearing, counsel for the Plaintiffs admitted they did not provide the requisite ante litem notice to the Defendants, who contend they never received such notice.  O.C.G.A. § 10-1-399(b); (Doc. 14-1 at 11).  Accordingly, the Plaintiffs have not stated a claim pursuant to the Fair Business Practices Act.

### 5.  Punitive Damages, Attorneys Fees, and Costs

As discussed above, the Plaintiffs fail to state any claims upon which relief may be granted.  Accordingly, there is no basis for their recovery of punitive damages or attorney's fees.

### III. CONCLUSION

For the foregoing reasons, MERS's and Mellon's second motion to dismiss (Doc. 14) the Plaintiffs' amended complaint is **GRANTED**.  All claims against MERS, Mellon, and Elite are **dismissed with prejudice**, and this case is closed.

**SO ORDERED,** this 6th day of September, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT